UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * * * * * * * * *

James R. Marchetti, et al,　　　　　　　　　　　No. 13-cv-1978 (DWF/LIB)

　　　　Plaintiffs,

v.　　　　　　　　　　　　　　　　　　　　　　**REPORT AND RECOMMENDATION**

U.S. Bank N.A., et al,

　　　　Defendants,

* * * * * * * * * * * * * * * * * * * * * * * * *

　　　　This matter came before the undersigned United States Magistrate Judge upon the routine supervision of cases and upon an assignment made in accordance with 28 U.S.C. 636(b)(1)(A).

　　　　James R. Marchetti and Nancy J. Marchetti ("Plaintiffs") commenced this action in the Minnesota District Court for the Sixth Judicial District on or about June 26, 2013, naming as defendants (1) U.S. Bank, N.A. ("Defendant U.S. Bank"); (2) Netco, Inc. ("Defendant Netco"); and (3) the law firm of Klatt, Odenkirk, Augustine, Sayer, Teinen & Rastede, P.C. (the "Defendant law firm"). (Summons and Compl. [Docket No. 1-1]). Defendant U.S. Bank timely removed on July 23, 2013. (Notice of Removal [Docket No. 1]). Subsequently, the Defendant law firm answered on July 23, 2013, [Docket No. 6], and Defendant U.S. Bank answered on July 30, 2013, [Docket No. 8].

　　　　On August 22, 2013, more than 21 days having passed since Defendant U.S. Bank removed this action, and there being no evidence in the record that Defendant Netco had answered or otherwise made an appearance in the present case, the Court ordered Plaintiffs to:

　　1. Notify Defendant Netco, Inc., that it is required to make an appearance or move for an extension of time to do so;
　　2. File an application for entry of default unless the required pleading is filed within 7 days;
　　3. Advise the Court in writing of any good cause to the contrary.

(Order [Docket No. 9], at 2). Additionally, the Court advised Plaintiffs that if they failed to "comply with this order within 14 days of today's date, the undersigned will recommend that the case be dismissed as to Defendant Netco, Inc., for lack of prosecution." (Id.). It has now been more than fourteen (14) days, and Defendant Netco still has not filed an answer or responsive motion or otherwise made an appearance in this case; yet Plaintiffs have neither filed an application for entry of default against Defendant, nor have they advised the Court of any good cause for such failure.[1]

Consequently, the Court finds that Plaintiffs have failed to abide by the terms of the Court's Order of August 22, 2013. [Docket No. 9]. Because the Court forewarned Plaintiffs of the potential consequences of their failure to abide by the Court's order, the Court recommends that this action, as regards Defendant Netco, Inc., be dismissed for failure to comply with the Court's Order of August 22, 2013, [Docket No. 9], and for lack of prosecution.

Based on the foregoing and all of the files, records and proceedings herein, **IT IS HEREBY RECOMMENDED**:

1. That, as to any claims against Defendant Netco, Inc., Plaintiff's Complaint, [Docket No. 1-1], be **DISMISSED without prejudice**, for failure to comply with the Court's Order of August 22, 2013, [Docket No. 6], and for lack of prosecution.


DATED: September 25, 2013    s/Leo I. Brisbois
                             LEO I. BRISBOIS
                             United States Magistrate Judge

---

[1] Plaintiffs on August 26, 2013, filed a document that they styled "Objection to Notice of Filing Removal to Federal Court." [Docket No. 10]. This Court construed that document as a motion to remand to Minnesota State Court; however, because Plaintiffs had failed to comply with Local Rule 7.1(c), the Court ordered Docket No. 10 to be stricken, and allowed Plaintiffs until September 13, 2013, to file a motion to remand in compliance with L.R. 7.1(c). (Order [Docket No. 12]). To date, Plaintiffs have not done so.

# N O T I C E

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties **by October 9, 2013,** a writing that specifically identifies the portions of the Report to which objections are made and the bases for each objection. A party may respond to the objections within fourteen days of service thereof. Written submissions by any party shall comply with the applicable word limitations provided for in the Local Rules. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. This Report and Recommendation does not constitute an order or judgment from the District Court, and it is therefore not directly appealable to the Court of Appeals.