UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

---

| | |
|---|---|
| James R. Marchetti and Nancy J. Marchetti, | No. 13-cv-1978 (PJS/LIB) |
| Plaintiffs, | |
| v. | **REPORT AND RECOMMENDATION** |
| U.S. Bank, N.A., et al, | |
| Defendants. | |

---

This matter came before the undersigned United States Magistrate Judge upon the Plaintiff's Motion to Remand to State Court. [Docket No. 16]. The motion is before this Court for a Report and Recommendation, pursuant to 28 U.S.C. § 636(b)(1), Local Rule 72.1., and the Hon. Patrick J. Schiltz's Order of Reference. [Docket No. 11]. The Court held a hearing on the motion on November 7, 2013. For reasons outlined below, the Court recommends that Plaintiff's Motion to Remand to State Court, [Docket No. 16], be **DENIED**.

I.     **BACKGROUND**

This case arises from foreclosure proceedings on the residence at 4963 E. Pike Lake Road, Duluth, Minnesota, (the "residence") belonging to James R. Marchetti and Nancy J. Marchetti ("Plaintiffs"). Plaintiffs, proceeding *pro se*, initiated this action in Minnesota state court on or about June 26, 2013, by filing their Complaint for Emergency Injunctive and Declaratory Relief and to Stay Foreclosure Sale, (Notice of Removal Ex. A [Docket No. 1-1], at 1-9 (hereinafter, "Complaint")). The Complaint named as defendants (1) U.S. Bank National

1

Association ("Defendant U.S. Bank"); (2) the law firm Klatt, Odekirk, Augustine, Sayer, Treinen, & Rastede, P.C. ("Defendant Klatt Odekirk"); and (3) Netco, Inc. ("Defendant Netco")[1] (collectively, "Defendants"). (Id. at 3). By their Complaint, Plaintiffs seek (1) a review of their mortgage loan documents "for authenticity and accuracy" and for compliance with "all state and federal lending laws and . . . required loan application procedures"; (2) a preliminary injunction staying the foreclosure sale of the residence scheduled for June 27, 2013;[2] and a judgment of "all the costs associated with an illegally constructed mortgage as provided by law." (Id. at 9). On July 10, 2013, Defendant Klatt Odekirk filed its Answer. (Notice of Removal Ex. C [Docket No. 1-1], at 17-20).

On July 23, 2013, Defendant U.S. Bank removed to this Court by means of a Notice of Removal. [Docket No. 1]. On that same day, Defendant Klatt Odekirk, which had previously executed a Consent to Removal,[3] filed its Answer in this Court. [Docket No. 6]. Subsequently, on July 30, 2013, Defendant U.S. Bank filed its Answer. [Docket No. 8]. Plaintiff made the present Motion to Remand to State Court, [Docket No. 16] (hereinafter, "Motion to Remand"), on September 12, 2013.[4]

---

[1] Plaintiff's claims against Defendant Netco were dismissed without prejudice for lack of prosecution and for failure to comply with this Court's Order of August 22, 2013, [Docket No. 9], instructing Plaintiffs to provide proof of service upon Defendant Netco. (See Order [Docket No. 15]; see also Report and Recommendation [Docket No. 13]).

[2] Plaintiffs' request for preliminary injunctive relief has been rendered moot by the representations of Defendant U.S. Bank, both in writing, (see Notice of Removal [Docket No. 1], at 2, ¶ 4 ("the foreclosure sale was cancelled and has not been rescheduled"), and by its counsel at the November 7, 2013, motion hearing, that it will not conduct a foreclosure sale on the residence during the pendency of this case.

[3] See Notice of Removal Ex. D [Docket No. 1-1], at 22.

[4] Plaintiffs initially sought remand on August 26, 2013, by means of a document they styled "Objection to Notice of Filing Removal to Federal Court." [Docket No. 10]. On August 30, 2013, this Court Ordered that document stricken from the record, and afforded Plaintiffs an opportunity to make a proper Motion to Remand that complied with the Local Rules of the U.S. District Court for the District of Minnesota. (See Order [Docket No. 12]). Subsequently, Plaintiffs made the present Motion to Remand on September 12, 2013; however, it was not filed with the Court until October 25, 2013.

## II. PLAINTIFFS' MOTION TO REMAND [Docket No. 16]

### A. Standard of Review

Unless Congress has specified otherwise, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). "A defendant may remove a state court claim to federal court only if the claim originally could have been filed in federal court." Gore v. Trans World Airlines, 210 F.3d 944, 948 (8th Cir. 2000) (citing Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987)). For removal pursuant to a district court's diversity jurisdiction, the amount in controversy must exceed $75,000.00, and the matter in controversy must be between citizens of different states. 28 U.S.C. § 1332(a); see also 28 U.S.C. § 1441(b) (removal based on diversity of citizenship).

A defendant wishing to remove a state court case to federal court must do so within thirty (30) days after the defendant is served either with a copy of the initial state court pleadings or with a state court summons. 28 U.S.C. § 1446(b)(1); Ackerman v. PNC Bank, N.A., No. 12-cv-42 (SRN/JSM), 2012 U.S. Dist. LEXIS 113207, at *3-4 (D. Minn. Aug. 13, 2012) (Nelson, J.). A party objecting to removal may, within thirty (30) days after the notice of removal was filed, bring a motion to remand to state court. 28 U.S.C. § 1447(c). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case **shall** be remanded." 28 U.S.C. § 1447(c) (emphasis added).

"Removal statutes are strictly construed, with any questions about the propriety of removal resolved in favor of state court jurisdiction." Percic Enters., Inc. v. European

Autoworks, Inc., No. 9-cv-3629 (MJD/SRN), 2010 U.S. Dist. LEXIS 52308, at * 4 (D. Minn. May 6, 2010) (Nelson, M.J.) (citing Transit Cas. Co. v. Certain Underwriters at Lloyd's of London, 119 F.3d 619, 625 (8th Cir. 1997)), adopted by 2010 U.S. Dist. LEXIS 52352 (D. Minn. May 27, 2010) (Davis, C.J.). There is a presumption against federal jurisdiction. Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 377 (1994).

### B. Facts

#### 1. Amount in Controversy

On October 31, 2011, Defendant U.S. Bank notified Plaintiffs that, at that time, the unpaid balance of their mortgage on the residence was $534,360.89. (Notice of Removal Ex. E [Docket No. 1-1], at 23). The market value of the residence has consistently been estimated as greater than $450,000. (Decl. Steinle and Exs. B-D [Docket Nos. 22, 22-2–22-4]).

#### 2. Citizenship of the Parties

Plaintiffs are Minnesota residents and are domiciled in Minnesota. (Compl. [Docket No. 1-1], at 3). Defendant U.S. Bank, which removed this case, is a citizen of the State of Ohio. (Notice of Removal [Docket No. 1], at 4, ¶ 11.c). Defendant Klatt Odekirk, an Iowa professional corporation, (Id. at 3, ¶ 11.b), with offices only in Iowa, (see http://klatt-law.com/ (last viewed November 8, 2013)), is a citizen of Iowa.

### C. Discussion

As previously stated, generally removal to Federal court is proper if the case could have been brought in Federal district court in the first instance. See 28 U.S.C. § 1441(a). The Federal district courts have diversity jurisdiction over cases in which (1) the amount in controversy exceeds $75,000.00, and (2) the Plaintiff is not a citizen of the same state as any Defendant. 28 U.S.C. § 1332(a). Both of those requirements are met in the present case.

First, the record in the present case indicates that the amount in controversy exceeds $75,000.00. "Where there is a dispute about the validity of a foreclosure, the amount in controversy will either be the amount of the underlying debt or the fair market value of the property." Garland v. Mortg. Elec. Registration Sys., 2009 U.S. Dist. LEXIS 131695, at *7 (D. Minn. May 18, 2009) (Graham, M.J.) (citing Garfinkle v. Wells Fargo Bank, 483 F.3d 1074 (9th Cir. 1973), and Gatter v. Cleland, 87 F.R.D. 66 (E.D. Pa. 1980)), adopted by 2009 U.S. Dist. LEXIS 50697 (D. Minn. June 16, 2009) (Ericksen, J.). As noted in Part II.B.1, supra, both the amount of the underlying debt and the fair market value of the property easily exceed $75,000.00. Thus, the "amount in controversy" prong of the analysis is met.

Additionally, the diversity element is met. As noted in Part II.B.2, supra, Plaintiff does not share citizenship with any of the Defendants. At the November 7, 2013, motions hearing, Plaintiffs questioned whether Defendant U.S. Bank really is a citizen of Ohio, rather than Minnesota, where Defendant U.S. Bank has a large corporate presence. This question recently was answered by the Eighth Circuit:

> A national bank is a citizen of the State in which its main office, as set forth in its articles of association, is located. Wells Fargo Bank, N.A. v. WMR e-PIN, LLC, 653 F.3d 702, 710 (8th Cir. 2011); see Wachovia Bank v. Schmidt, 546 U.S. 303, 306 (2006). . . . U.S. Bank says its main office is in Ohio. [The plaintiff] argues that U.S. Bank is a citizen of Minnesota, based on its disagreement with the legal rule established in WMR e-PIN, but it does not dispute that U.S. Bank's main office is in Ohio. We take judicial notice, based on records of the Office of the Comptroller of the Currency, that U.S. Bank's main office is in Ohio. See http://www.occ.treas.gov/topics/licensing/national-bank-lists/index-active-bank-lists.html (visited Oct. 15, 2013); see Peterson v. U.S. Bank Nat'l Ass'n, 918 F. Supp. 2d 89, 99 n.13 (D. Mass 2013); see also U.S. Bank Nat'l Ass'n v. Polyphase Elec. Co., No. 10-4881, 2011 U.S. Dist. LEXIS 92524, 2011 WL 3625102, at *1 (D. Minn. Aug. 17, 2011) ("Plaintiff U.S. Bank is a national banking association, and its Amended and Restated Articles of Association designate Cincinnati, Ohio, as the location of its main office.").

Buffets, Inc. v. Leischow, No. 12-2804, 2013 U.S. App. LEXIS 21226, at *19-20 (8th Cir. Oct.

21, 2013) (slip op.) (citations to appellate record omitted).  Because Plaintiffs, who are citizens of Minnesota, do not share citizenship with either Defendant U.S. Bank, an Ohio citizen, or Defendant Klatt Odekirk, an Iowa citizen, the requirements for diversity jurisdiction under 28 U.S.C. § 1332 are met.  Accord Buffets, 2013 U.S. App. LEXIS at 21226, at *20-21.

Plaintiffs cite to the U.S. Supreme Court decisions in Caterpillar, 482 U.S. 386, and Beneficial National Bank v. Anderson, 539 U.S. 1 (2003), for the proposition that a plaintiff can exclude himself from Federal court jurisdiction by pleading only state-law claims.  (See Mot. Remand [Docket No. 16] (citing Caterpillar, 482 U.S. at 392); see also Mem. Supp. Mot. Remand [Docket No. 18] (quoting Anderson, 539 U.S. at 12 ("the plaintiff [is] the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law" (Scalia, J., dissenting) (quoting Caterpillar)).  However, Plaintiffs' reliance on Caterpillar and Anderson is misplaced.  The complete passage in Caterpillar reads:

> Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant.  ***Absent diversity of citizenship***, federal-question jurisdiction is required.  The presence or absence of federal-question jurisdiction is governed by the "well-pleaded complaint rule," which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.  The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law.

Caterpillar, 482 U.S. at 392 (emphasis added; citation and footnotes omitted).  Thus, the rule on which Plaintiffs rely applies only where diversity is not the basis of the Court's jurisdiction. Plaintiff's citation to Anderson is similarly unpersuasive, for two reasons.  First, in the dissent to which Plaintiffs cite, Justice Scalia quotes directly from Caterpillar; thus, to the extent that Caterpillar fails to support Plaintiffs' position, Justice Scalia's derivative use of Caterpillar is similar unpersuasive.  Second, in Anderson Justice Scalia was writing in dissent, and the majority described the law thus: "As a general rule, ***absent diversity jurisdiction***, a case will not

6

be removable if the complaint does not affirmatively allege a federal claim." Anderson, 539 U.S. at 6 (emphasis added). Again, as in Caterpillar, the Court in Anderson recognizes diversity jurisdiction as the exception to the general rule that a plaintiff may keep his case out of Federal court by pleading only state-law claims.[5]

Because Plaintiffs' claim "originally could have been filed in federal court," Gore, 210 F.3d at 948, Defendant U.S. Bank's removal was not improper. Accordingly, the Court recommends that Plaintiffs' Motion to Remand to State Court, [Docket No. 16], be **DENIED**.

### III. CONCLUSION

Based on the foregoing, and all the files, records and proceedings herein, **IT IS HEREBY RECOMMENDED** that Plaintiffs' Motion to Remand to State Court, [Docket No. 16], be **DENIED**, as set forth above.

Dated: November 12, 2013                     /s/ Leo I. Brisbois_____
                                             LEO I. BRISBOIS
                                             United States Magistrate Judge

### N O T I C E

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties **by November 26, 2013**, a writing that specifically identifies the portions of the Report to which objections are made and the bases for each objection. A party may respond to the objections within fourteen days of service thereof. Written submissions by any party shall comply with the applicable word limitations provided for in the Local Rules. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. This Report and Recommendation does not constitute an order or judgment from the District Court, and it is therefore not directly appealable to the Court of Appeals.

---

[5] However, although this Court applies federal *procedural* law, under the doctrine established in Erie Railroad Co. v. Thompkins, 304 U.S. 64 (1938), the Court looks to the substantive law of Minnesota in deciding Plaintiff's state-law claims. See Mut. Creamery Ins. Co. v. Iowa Nat'l Mut. Ins. Co., 427 F.2d 504, 507 (D. Minn. 1970) ("This being a diversity case, the substantive law of Minnesota is applicable.")